SUTTON, Circuit Judge,
dissenting.
As I read Johnson, as our court’s cases read Johnson, and as the Supreme Court itself has read Johnson, it deprives us of jurisdiction over an appeal from denial of qualified immunity only when the defendant’s argument boils down to an attack on the plaintiffs evidence-supported version of the facts. See Leary v. Livingston Cty., 528 F.3d 438, 441 (6th Cir. 2008). But when a defendant challenges the reasonableness of inferences the district court drew from the plaintiffs account of the facts, we must hear the appeal. See Scott v. Harris, 550 U.S. 372, 380-81, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). That’s especially true when an inference implicates a mixed question of law and fact, as it typically will in a qualified immunity case.
Today’s case illustrates the problems with a broad reading of Johnson. Like the defendant in Scott, Wierszewski argues that the district court drew an untenable inference from the video evidence: that Thibault’s performance on the sobriety tests showed he was not driving while intoxicated. According to Wierszewski, that untenable inference gave rise to an untenable legal conclusion: that Wierszew-ski was not entitled to qualified immunity because he unreasonably concluded he had probable cause to arrest Thibault. On Wi-erszewski’s view, the undisputed facts in the case—most notably, Thibault’s difficulty maintaining his balance during several *905 of the tests—establish that he had a reasonable basis for the arrest even if we resolve all other factual disputes in Thi-bault’s favor. The Supreme Court recently made clear that deciding legal claims of this sort is “a core responsibility of appellate courts” that Johnson does not limit. Plumhoff v. Rickard, — U.S. -, 134 S.Ct. 2012, 2019, 188 L.Ed.2d 1056 (2014). Yet today the court finds itself without jurisdiction, and thereby strips Wierszew-ski of immunity from suit (and his right to an interlocutory appeal, Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)) without considering his legal argument on the merits.
For these reasons, I respectfully dissent.